

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:07cr300–HEH |
| | ) | |
| ANDRE D. WHITFIELD, | ) | |
| | ) | |
| Petitioner. | ) | |

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Andre D. Whitfield, a federal inmate proceeding *pro se*, submitted this motion

under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion").

(Dk. No. 65.)  The Government filed its response.  Whitfield has replied.  The matter is

ripe for disposition.

## I. PROCEDURAL HISTORY

Rodney Parker, a confidential informant, told law enforcement officials that he

could buy narcotics from an individual known as "Joe Joe." (Nov. 20, 2007 Tr. 89:5–8.)

Parker, using a police photograph, tentatively identified Joe Joe as Adrian Hutcherson.

(*Id.* at 89:10–90:5.)  With law enforcement approval, Parker placed a monitored phone

call to Joe Joe and arranged a narcotics purchase.  (*Id.* at 90:16–21.)[1]  Parker then

---

[1] During trial, the Government introduced Whitfield's cell phone records without
objection.  Detective Thomas, who supervised Parker in this case, pointed out where the records
of calls received by Whitfield's cell phone from Parker's cell phone coincided with the
monitored phone calls.

purchased cocaine base from Joe Joe at a pre-arranged location.[2]  After this transaction,

Parker again using a photograph provided by law enforcement personnel, tentatively

identified Joe Joe as Adrian Hutcherson. (*Id.* at 105:11–16.)  Law enforcement

personnel obtained a warrant for the arrest of Adrian Hutcherson. (*Id.* at 105:22 –106:1.)

Parker then set up a second purchase with Joe Joe through another monitored

phone call. (*Id.* at 111:12–18.)  Parker met Joe Joe at a pre-arranged location where law

enforcement personnel began tracking Joe Joe.  Although no transaction between Parker

and Joe Joe occurred at that time, law enforcement personnel followed Joe Joe's vehicle

from the meeting site and initiated a traffic stop. (*Id.* at 116:6–15.)  During the traffic

stop, officer's found and recovered a firearm in plain view. (*Id.* at 118:19–20.)  Officers

then determined that Joe Joe was actually Whitfield, not Adrian Hutcherson as originally

believed.  Whitfield consented to a search of his vehicle during which officers recovered

a digital scale with an off-white residue on it. (*Id.* at 122:7–123:3.)

A jury of this Court found Whitfield guilty of (1) two counts of use of a

communication facility to facilitate a drug offense, (2) possession with intent to distribute

fifty grams or more of cocaine base, (3) attempting to possess with the intent to distribute

and distribute fifty grams or more of cocaine base, (4) possession of a firearm in

furtherance of a drug trafficking crime, and (5) possession of a firearm by a person

previously convicted of a misdemeanor crime of domestic violence in violation of 18

U.S.C. § 922(g)(9).  The Court sentenced Whitfield to 192 months of imprisonment.  The

---

[2] Both parties stipulated that Parker purchased 59.8 grams of cocaine base from Joe Joe
on this occasion. (Nov. 20, 2007 Tr. 102:11–103:3.)

United States Court of Appeals for the Fourth Circuit subsequently affirmed the Court's judgment. *United States v. Whitfield*, 314 F. App'x 554, 555 (4th Cir. 2008). In his § 2255 Motion, Whitfield makes the following claims: in violation of Whitfield's Sixth Amendment[3] rights, trial counsel deficiently

| | |
|---|---|
| Claim One | "failed to investigate and authenticate the Sprint billing records presented at trial." (Mem. Supp. § 2255 Mot. 16.)[4] |
| Claim Two | "failed to challenge the illegal search of the vehicle [Whitfield] was driving [at the time of his arrest]." (*Id.*) |
| Claim Three | "failed to investigate, interview, and/or call a material witness who could have cast doubt on the government's case." (*Id.*) |
| Claim Four | "failed to investigate and challenge the use of [Whitfield's] prior misdemeanor domestic violence as a qualifying offense for the purposes of [18 U.S.C. §] 922(g)(9)."[5] (*Id.*) |

---

[3] "In all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[4] Whitfield did not number the pages of this document. Accordingly, citations to the document refer to the page numbers assigned by the CM/ECF docketing system.

[5] This section reads, in relevant part:

It shall be unlawful for any person . . . **(9)** who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(9).

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A. Claim One

In Claim One, Whitfield alleges that counsel deficiently failed at trial to challenge the Government's motion to admit phone records from Whitfield's cell phone. Whitfield asserts that "these records were either altered or in error, or being misinterpreted, [and counsel] had a constitutional obligation to pursue this line of investigation." (Mem. Supp. § 2255 Mot. 18 (citing *Strickland*, 466 U.S. at 690–91).) Whitfield also states that counsel never adequately established the truth of the Government's assertion that a phone

4

number appearing in these records belonged to a police informant. Whitfield insists that "[c]ounsel could have, and should have; used the compulsory power of the Court to subpoena original phone records from Sprint, as well as an expert technician from Sprint to establish for the jury the truth of what these phone records reflect." (*Id.*) Absent entirely, however, is any proffer of Whitfield's version of the "truth" of the phone records.

Whitfield's counsel, by affidavit, responds that the Government provided him with "an affidavit from the [phone company's] custodian of records verifying under oath the veracity of the [phone] records." (Mem. Opp'n § 2255 Mot. Attach. 1 ("Dinkin Aff.") ¶ 5.) After reviewing this affidavit and the phone records, Whitfield's counsel determined that the records met the admissibility requirements of the Federal Rules of Evidence. (*Id.*); Fed. R. Evid. 803(6), 902(11).[6] Hence, because counsel reasonably relied on the Federal Rules of Evidence, Whitfield shows neither deficiency nor prejudice. Accordingly, Claim One will be dismissed.

**B.    Claim Two**

In Claim Two, Whitfield asserts that counsel failed to make a motion to suppress the fruits of the vehicle search conducted incident to his arrest. Whitfield argues that "once he was pulled over and identified as 'Andre Whitfield,' as opposed to Adrian Hutcherson, any search of his vehicle, or seizure of his person and/or property, was done

---

[6] Federal Rule of Evidence 803(6), the business record exception, excludes records kept in the regular course of business from the hearsay rule. Federal Rule of Evidence 902(11) states that records falling within this exception are admissible without extrinsic evidence of authenticity provided that the records are accompanied by an affidavit of the records' custodian. Fed. R. Evid. 902(11).

in violation of the 4th Amendment of the Constitution."[7] (Mem. Supp. § 2255 Mot. 19.) This statement is simply incorrect.

In this case the police officers observed Whitfield's vehicle as he discussed a drug deal with Parker. (Nov. 20, 2007 Tr. 115:3–10.) Though the parties never consummated the deal, police officers possessed the probable cause necessary to effect a stop and search of the vehicle, even with a defective warrant. *See Maryland v. Dyson*, 527 U.S. 465, 466–67 (1999) (the "automobile exception" allows that "in cases where there was probable cause to search a vehicle a search is not unreasonable if based on facts that would justify the issuance of a warrant, *even though a warrant has not been actually obtained*." (internal quotation marks omitted)). It is also important to reiterate that the search at issue was not merely a search incident to an arrest, such as the one involved in *Arizona v. Gant*, 556 U.S. 332 (2009), but rather was a search for contraband pursuant to probable cause. Thus, no basis existed for counsel to move to suppress the evidence obtained during that vehicle search. Accordingly, because Whitfield cannot show deficiency or prejudice, Claim Two will be dismissed.

## C.     Claim Three

During the trial, Detective Paul Scallan of the Bureau of Alcohol, Tobacco, and Firearms testified that, during a police interview, Whitfield placed a phone call to a third party. Scallan testified that during this phone call Whitfield stated that "the feds had him on tape selling a 62 to a dude in Southside Plaza." (Nov. 20, 2007 Tr. 257:3–12.) In

---

[7] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

Claim Three, Whitfield asserts that, contrary to Scallan's testimony, during this phone call to his "'baby's mother'" he stated that "'they *say* they have me on tape.'" (Mem. Supp. § 2255 Mot. 20.) Whitfield argues that counsel deficiently failed to investigate this claim or call his baby's mother, whom he does not name, to testify. "Had Officer Scallan's testimony been refuted there is sufficient reason to assume that a reasonable juror would have doubted the government's theory, and the outcome of the proceedings would likely have been different." (*Id.* at 21.)

Counsel avers that, though he was aware of Whitfield's disagreement with Scallan's statements, he had "numerous telephone and in-person conversations with Mr. Whitfield's girlfriend both during the pendency of the case and after it was over. These conversations were primarily about the case and counsel simply has no recollection of her ever being a suitable witness to dispel the foregoing statement." (Dinkin Aff. ¶ 7.) This Court "must indulge a strong presumption . . . that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks omitted). The difficulty of overcoming that general presumption is even greater in this case, given that "the decision whether to call a defense witness is a strategic decision" demanding the assessment and balancing of perceived benefits against perceived risks, and one to which "[w]e must afford . . . enormous deference." *United States v. Kozinski*, 16 F.3d 795, 813 (7th Cir. 1994) (internal quotation marks omitted). Here, Whitfield fails to demonstrate that this witness would have testified as he suggested, much less that her testimony would have altered the jury's

verdict. Accordingly, because Whitfield has shown neither deficiency nor prejudice, Claim Three will be dismissed.

**D.     Claim Four**

On March 17, 2003, the Juvenile and Domestic Relations Court for the City of Danville, Virginia ("J&DR Court") convicted Whitfield of assault and battery against a family or household member in violation of section 18.2–57.2 of the Code of Virginia.[8] (Pre-sentence Investigation Report ("PSR") ¶ 43.) This J&DR Court conviction served as the predicate offense for Whitfield's conviction in this Court for possession of a firearm by a person previously convicted of domestic violence in violation of 18 U.S.C. § 922(g)(9). (Indictment 3; PSR ¶ 16.) In Claim Four, Whitfield asserts a two-part attack on counsel's conduct relating to Whitfield's conviction under 18 U.S.C. § 922(g)(9):

> (1) counsel was ineffective by failing to challenge the qualification of [Whitfield's] prior domestic violence conviction whereas there was no "use of force" element established; and (2) counsel was ineffective by failing to challenge the qualification of his prior domestic violence whereas [Whitfield] was not represented by counsel on that case, and his waiver of counsel in that case was not "knowingly and intelligently" made.

(Mem. Supp. § 2255 Mot. 21–22.)

**1.     Claim Four (A)**

In 2010, the Fourth Circuit, citing the Supreme Court's recent decision in *Johnson v. United States*, 130 S. Ct. 1265 (2010), held that a conviction under section 18.2–57.2 of the Code of Virginia cannot, in and of itself, support a conviction under title 18 section

---

[8] This section reads, in pertinent part that "[a]ny person who commits an assault and battery against a family or household member is guilty of a Class 1 misdemeanor." Va. Code Ann. § 18.2–57.2(A) (West 2008).

922(g)(9) of the United States Code. *United States v. White*, 606 F.3d 144, 153 (4th Cir. 2010) (citing *Johnson*, 130 S. Ct. at 1271).[9] However, in 2007, the Fourth Circuit had yet to consider this question and "a review of opinions by the circuit courts of appeal considering the assault and battery statutes of other states reflect[ed] a significant split of authority." *Id.* at 149. Thus, when the jury convicted Whitfield of violating 18 U.S.C. § 922(g)(9), the question of whether a conviction under section 18.2–57.2 of the Code of Virginia provided an appropriate predicate offense remained unsettled in the Fourth Circuit.

"A failure to raise arguments that require the resolution of unsettled legal questions generally does not render a lawyer's services 'outside the wide range of professionally competent assistance' sufficient to satisfy the Sixth Amendment." *New v. United States*, 652 F.3d 949, 952 (8th Cir. 2011) (citing *Strickland*, 466 U.S. at 690); *Sullivan v. Wainwright*, 695 F.2d 1306, 1309 (11th Cir. 1983) (holding that counsel's "failure to divine" change in unsettled law did not constitute ineffective assistance); *Nelson v. Estelle*, 642 F.2d 903, 908 (5th Cir. 1981) ("[C]ounsel is normally not expected to foresee future new developments in the law."). Here, a conviction under section 18.2–57.2 of the Code of Virginia requires only "the slightest offensive touching" rather than a

---

[9] The Fourth Circuit reasoned that a violation of Virginia Code § 18.2–57.2 "may be accomplished with the slightest touch and no physical injury is required." *White*, 606 F.3d at 148. Thus, to discover if a defendant's underlying conviction under Virginia Code § 18.2–57.2 is a "crime of violence" sufficient to support a conviction under 18 U.S.C. § 922(g)(9), courts must look at the facts of the underlying conviction. *Id.* at 153. Because most of these underlying convictions originate in courts not of record, discovering the factual circumstances of the underlying convictions may be difficult. *Id.* Nevertheless, in the wake of *White*, a conviction under Virginia Code § 18.2–57.2 no longer *per se* supports the "crime of violence" element of 18 U.S.C. § 922(g)(9).

violent use of physical force. *White*, 606 F.3d at 147. Nevertheless, prior to *White*,
counsel could reasonably assume that even *de minimus* force met the definition of
"physical force" as that term is used in the federal statute. 18 U.S.C. § 921(a)(33)(A)
(defining the term "misdemeanor crime of domestic violence" used in 28 U.S.C.
§ 922(g)(9)); *see, e.g.*, *United States v. Griffith*, 455 F.3d 1339, 1341 (11th Cir. 2006);
*United States v. Nason*, 269 F.3d 10, 16 (1st Cir. 2001); *United States v. Smith*, 171 F.3d
617, 620–21 (8th Cir. 1999). Accordingly, Whitfield cannot show deficiency due to
counsel's failure to challenge the issue of whether section 18.2–57.2 of the Code of
Virginia sufficiently supported his conviction under 18 U.S.C. § 922(g)(9).[10] Thus,
Claim Four (A) will be dismissed.

>    2.    **Claim Four (B)**

In Claim Four (B), Whitfield asserts that his waiver of counsel before J&DR Court
was not knowingly and intelligently made. Thus, Whitfield argues, his J&DR Court
conviction cannot meet the definition of "misdemeanor crime of domestic violence" as
defined by the United States Code. *See* 18 U.S.C. § 921(a)(33)(B)(i)(I) ("A person shall
not be considered to have been convicted of [a misdemeanor crime of domestic violence]

---

[10] The following statement by the Fourth Circuit in *Kornahrens v. Evatt*, 66 F.3d 1350
(4th Cir. 1995) is relevant here:

> Unfortunately, [Kornahrens] is the victim of a necessarily stringent procedural
> hurdle, coupled with a similarly important deference to attorney performance.
> Normally, these rules work to the benefit of both litigants and the judicial system
> as a whole. In this particular situation, however, we recognize that they have
> worked to Kornahrens's detriment. Nevertheless, the rules are clear, and we are
> constrained by their inexorable commands.

*Id.* at 1360.

for purposes of this chapter, unless . . . the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case."). Whitfield asserts that counsel unreasonably failed to address the J&DR Court waiver of counsel in his trial before this Court. (Mem. Supp. § 2255 Mot. 24.) However, nothing in the record indicates that Whitfield informed counsel of any problems regarding his waiver of counsel in the J&DR Court.

In Virginia, Juvenile and Domestic Relations Courts are not courts of record. *Haase v. Haase*, 460 S.E.2d 585, 682 n.3 (Va. Ct. App. 1995). Therefore, "the only record of the charges, trial, conviction, and sentence is the executed warrant of arrest as executed by the trial judge." *White*, 606 F.3d at 146. In this case, a handwritten note on the warrant of arrest indicates only the bare fact that Whitfield waived counsel. However, the J&DR Court is entitled to the "deeply rooted . . . 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Parke v. Raley*, 506 U.S. 20, 29 (1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 468 (1938)). This presumption, coupled with the facts that no obvious constitutional violation appears on the face of the warrant and that Whitfield never mentioned the alleged violation to counsel, precludes any finding of deficiency by counsel. Accordingly, Claim Four (B) will be dismissed.

## III.   FIRST MOTION FOR LEAVE TO SUPPLEMENT

On November 3, 2010, by Memorandum Order, the Court granted Whitfield's Motion for Leave to Supplement. By this motion, Whitfield adds the following claim:

Claim Five          "Trial counsel was Ineffective for failure to motion for
                    Rule 29 (Judgment of Acquittal)[11] where there was
                    insufficient evidence to convict [Whitfield] of Count
                    Four of the indictment." (Mot. Supplement 1 (spelling
                    corrected).)

Count Four of the Indictment charges that "on or about the 23rd day of February, 2007

. . . [Whitfield] did knowingly, intentionally, and unlawfully attempt to possess with the

intent to distribute and to distribute fifty grams or more of . . . cocaine base, commonly

known as "crack," a Schedule II controlled substance." (Indictment 2.) This claim lacks

factual merit.

The clear record shows that counsel made a motion for acquittal pursuant to

Federal Rule of Criminal Procedure 29 at the close of the Government's evidence. (Nov.

20, 2007 Tr. 265:23–266:25.) The Court rejected this motion. (*Id.* at 267:2.) Counsel

then renewed the motion after the close of the defendant's case. (*Id.* at 267:7.) Whitfield

cannot show deficiency or prejudice. Accordingly, Claim Five will be dismissed.

## IV.    SECOND MOTION FOR LEAVE TO SUPPLEMENT

On March 8, 2011, Whitfield filed an "APPLICATION FOR LEAVE TO

SUPPLEMENT 28 U.S.C. § 2255 PURSUANT FEDERAL RULES OF CIVIL

---

[11] This Rule states, in relevant part, that "[a]fter the government closes its evidence or
after the close of all the evidence, the court on the defendant's motion must enter a judgment of
acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R.
Crim. P. 29(a).

PROCEDURE 15" ("Second Motion to Supplement").[12]  (Dk. No. 76.)  In his Second

Motion to Supplement, Whitfield seeks to add the following two claims:

| | |
|---|---|
| Claim Six | Counsel deficiently "fail[ed] to object and request 'informer instructions' where the government case relied solely on the testimony of a Confidential Informant [("CI")] Rodney Parker."  (2d Mot. Supplement 2.) |
| Claim Seven | Counsel deficiently "fail[ed] to challenge the defective indictment." (*Id.* at 4.) |

However, leave to amend is appropriately denied as futile when, as is the case here, the

statute of limitations bars the new claims.  *See Ingram v. Buckingham Corr. Ctr.*,

No. 3:09CV831, 2011 WL 1792460, at *1 (E.D. Va. May 5, 2011).

**A. Statute of Limitations**

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA")

amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a

§ 2255 Motion.  Specifically, 28 U.S.C. § 2255(f) now reads:

> (f)    A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1)    the date on which the judgment of conviction becomes final;
> >
> > (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[12] This is the date Whitfield swears he placed the Second Motion to Supplement in the prison mailing system and, thus, the date the Court deems it filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

     (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Whitfield's conviction became final on Monday, March 2, 2009, the last date to file a petition for a writ of certiorari with the Supreme Court. *See Clay v. United States*, 537 U.S. 522, 527-28 (2003); *United States v. Clayton*, 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:04CV122, 4:01CR16, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Sup. Ct. R. 13(1) (2008) (requiring defendant to file a petition for a writ of certiorari within 90 days after the entry of judgment). Whitfield then had one year, or until Wednesday, March 3, 2010, to file a motion pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). Indeed, on February 26, 2010, Whitfield filed his § 2255 Motion within the statute of limitations. (§ 2255 Mot. 13.) However, Whitfield did not file his Second Motion to Supplement until March 8, 2011, 736 days after his conviction became final. (2d Mot. Supp. 6); *see Houston*, 487 U.S. at 276. Because Whitfield did not file his Second Motion to Supplement within the one-year limit, the statute of limitations will bar it unless Claims Six and Seven relate back to the claims in the § 2255 Motion, *see United States v. Pittman*, 209 F.3d 314, 317

14

(4th Cir. 2000), or unless Whitfield is entitled to equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)).

**B.     Relation Back**

Because the rules governing Section 2255 Proceedings do not specify a procedure for amending motions, courts apply Rule 15 of the Federal Rules of Civil Procedure to motions to amend in a § 2255 case. *Pittman*, 209 F.3d at 317. Rule 15 allows for amendments to the petition after the one-year statute of limitations, provided the amendment relates back to the original timely filed petition. A claim relates back if it "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out— in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

An amended claim "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). In this regard, it is not sufficient that the new claim simply has the same form as the original claims, if the new claim "arises out of wholly different conduct." *Pittman*, 209 F.3d at 318. Thus, "a petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." *United States v. Ciampi*, 419 F.3d 20, 24

(1st Cir. 2005) (citing *Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir. 2000); *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999)).

In his original federal habeas petition, Whitfield did not raise any claims pertaining to counsel's performance with respect to jury instructions or the indictment. Nor did Whitfield raise such claims in his first Motion to Supplement. Thus, Whitfield's new claims, which raise such allegations, "arise from separate occurrences of 'both time and type.'" *Pittman*, 209 F.3d at 318 (quoting *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999)); *see McLean v. United States*, No. 04-13534, 2005 WL 2172198, at *2 (11th Cir. Sept. 8, 2005). Accordingly, Claims Six and Seven do not relate back to Whitfield's timely filed claims.

## C. Equitable Tolling

Motions pursuant to 28 U.S.C. § 2255 are subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" which demonstrate that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Here, Whitfield makes the bare assertion that this "Court should allow leave to amend where the instant [ ] claim will entitle him to [habeas] relief." (2d

16

Mot. Supplement 1 (first alteration in original).) Because Whitfield makes no showing of either diligence or extraordinary circumstance regarding Claims Six and Seven he is not entitled to equitable tolling. Furthermore, Whitfield's Second Motion to Supplement (Dk. No. 76) is barred by the statute of limitations and must accordingly be denied.

## V. CONCLUSION

Whitfield's claims will be dismissed. Whitfield's Second Motion to Supplement (Dk. No. 76) will be denied. Whitfield's § 2255 Motion (Dk. No. 65) will be denied and the action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Whitfield has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order shall issue.

_____/s/_____
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: May 11 2012
Richmond, Virginia

17