IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED SEP 2 9 2017 CLERK, U.S. DISTRICT COURT RICHMOND, VA

| UNITED STATES OF AMERICA | ) | | |
|---|---|---|---|
| | ) | Criminal No. | 3:07CR300–HEH |
| v. | ) | Civil No. | 3:17-cv-00665-HEH |
| | ) | | |
| ANDRE D. WHITFIELD | ) | | |

## MEMORANDUM OPINION
### (Dismissing Successive 28 U.S.C. § 2255 Motion)

Following a jury trial, Andre D. Whitfield was found guilty of several drug and firearm offenses. (ECF No. 33, at 1–2.) By Memorandum Opinion and Order entered on May 14, 2012, the Court denied a motion under 28 U.S.C. § 2255 filed by Whitfield. (ECF Nos. 92–93.) By Memorandum Opinion and Order entered on October 23, 2013, the Court dismissed an unauthorized second or successive § 2255 motion filed by Whitfield. (ECF Nos. 112–113.) On August 21, 2017, the Court received a document entitled "Motion for Review of Plain Error" from Whitfield. (ECF No. 127.) Despite the labeling of his motion, Whitfield attacks several of his convictions as unconstitutional. As explained below, Whitfield's Motion for Review of Plain Error must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has instructed that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querula, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 866, 857 (7th Cir. 2004) (citation omitted). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)). In other words, a "motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *United States v. McCalister*, 453 F. App'x 776, 778 (10th Cir. 2011) (alteration in original) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006)).

In his Motion for Review of Plain Error, Whitfield contends that the Government constructively amended Counts Five and Six in the Indictment returned against Whitfield,

2

and that this constructive amendment violated Whitfield's rights under the Fifth and Sixth Amendments. (ECF No. 127, at 2.) Whitfield contends that his motion is brought pursuant to Federal Rule of Criminal Procedure 52(b) which defines "harmless error" and "plain error" on direct appeal, but he fails to demonstrate how this rule would permit him to collaterally attack his conviction and sentence at this late juncture. *See United States v. Lay*, No. PJM 97–0313, 2014 WL 1383856, at *1 (D. Md. Apr. 7, 2014). Moreover, it is evident that Whitfield's Motion for Review of Plain Error is in effect another attack on his convictions and sentence and must be treated as a successive § 2255 motion. *See id.* The Court has not received authorization from the Fourth Circuit to file the present § 2255 motion. Therefore, the action will be dismissed for want of jurisdiction. The Clerk will be directed to file the present action as an unauthorized successive motion under 28 U.S.C. § 2255. Whitfield's Motion to Amend the Plain Error Petition (ECF No. 129) will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Whitfield

3

has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

    An appropriate Order shall issue.

/s/ Henry E. Hudson
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Sept 29, 2017
Richmond, Virginia